IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RCC FABRICATORS, INC. : | |
|     Plaintiff : | |
|     v. : | CIVIL ACTION |
| UMOJA ERECTORS, LLC : | |
| NORTH AMERICAN SPECIALTY : | NO. 17-cv-05304-JS |
|     INSURANCE COMPANY : | |
|     Defendants : | |

**DEFENDANT NORTH AMERICAN SPECIALTY INSURANCE COMPANY'S
COUNTER-STATEMENT OF MATERIAL FACTS**

**I.      Parties and Relationships**

1.      Defendant North American Specialty Insurance Company ("North American") is engaged in the business of issuing surety bonds, including payment bonds. Exhibit A, Complaint, paragraph 3.

2.      North American provided a payment bond to non-party D.A. Nolt, Inc. ("D.A. Nolt") for a public construction contract for building façade and roof improvements at the proposed Public Safety Services Campus located at 46th and Market Streets in Philadelphia (the "Project") that D.A. Nolt had been awarded in August of 2015 by the City of Philadelphia. Exhibit B, Contract between D.A. Nolt and the City of Philadelphia; Exhibit C, Payment Bond issued by North American.

3.      The City of Philadelphia assigned the contract to the Philadelphia Municipal Authority (the "PMA") which operated as the owner of the Project. Exhibit D, Assignment of Construction Contract.

4.      The Project documents provided that the Project was to be completed 450 days after the PMA issued its Notice to Proceed. Exhibit D, page 40.

5.     The PMA issued its Notice to Proceed on September 22, 2015 which identified the Project completion date as December 16, 2016. Exhibit E, Notice to Proceed.

6.     D.A. Nolt subcontracted with Defendant Umoja Erectors, LLC ("Umoja") for a portion of this work at the Project, namely the procurement and erection of structural steel. Exhibit F, Subcontract between D.A. Nolt and Umoja.

7.     Umoja subcontracted with Plaintiff RCC Fabricators, Inc. ("RCC Fabricators") to supply the structural steel for this portion of the Project. Exhibit G, Subcontract between Umoja Erectors, LLC and RCC Fabricators. Inc.

## II.     Plaintiff's Subcontract Contains a "Pay if Paid" Clause

8.     RCC Fabricators' subcontract with Umoja contains a "pay if paid" payment term:

> Based upon itemized invoices received from Subcontractor, Umoja agrees to make progress payment to Subcontractor.  Each progress payment shall be in an amount equal to that portion of the Subcontract amount property allocable to completed Subcontractor work.  **Contingent upon payment by Nolt** progress payments, final payments and retainage shall be due and payable to Subcontractor within seven (7) calendar days from the date of Umoja payment received by Nolt.

Exhibit G, page 2 (emphasis added).

9.     Section 4.1.2 of Umoja's subcontract with D.A. Nolt makes D.A. Nolt's receipt of payment from the PMA a condition precedent to D.A. Nolt's duty to pay Umoja:

> Subcontractor recognizes that **payment from the owner** to the Contractor for the Subcontractor's labor and materials **is a condition precedent to payment from the Contractor to the Subcontractor**.  By entering into the Subcontract, Subcontractor agrees to bear the risk of non-payment by the Owner.

Exhibit F (emphasis added).

2

10. Section 5.3 of that contract echoes this "pay if paid" requirement:

> Subcontractor recognizes that final **payment from the owner** to the Contractor for the Subcontractor's labor and materials **is a condition precedent to payment from the Contractor to the Subcontractor**. By entering into the Subcontract, Subcontractor agrees to bear the risk of non-payment by the Owner.

Exhibit F (emphasis added).

11. The subcontract between Umoja and RCC incorporated the terms of Umoja's contract with D.A. Nolt.

> Subcontractor further agrees. to be bound to Umoja by each and all of the terms of the Prime Subcontract between Nolt and Umoja with respect to Subcontractor's work, and to assume toward Umoja all duties and obligations Umoja owes the general contractor Nolt under the Prune Subcontract with respect to the Subcontractor's work, and Umoja shall have the same rights and remedies against Subcontractor as Nolt has against Umoja under said Prime Subcontract with respect to the Subcontractor's work, with the same force and effect as though every such duty, obligation, right or remedy were set forth herein at length.

Exhibit G, p. 1.

### III. The Payment Bond Provides that Plaintiff May Not Collect Claims where there is Nothing Due to Umoja from D.A. Nolt

12. North American's Payment Bond provides that North American shall have no liability provided that D.A. Nolt makes payment for all sums due:

> With respect to Claimants, this obligation shall be null and void if the Contractor promptly makes payment, directly or indirectly, for all sums due.

Exhibit C.

**IV.     The Subcontract between D. A. Nolt and Umoja Authorizes the Withholding of Payment due to Project Delays and Claims by the PMA**

13.     Section 4.5 of Umoja's contract with D.A. Nolt negates D.A. Nolt's obligation to pay Umoja upon delays to the Project

> Contractor shall not be obligated to make payments to Subcontractor under this Subcontract whenever the Contractor, in his sole discretion, shall determine that the Project is being or is in danger of being delayed by the Subcontractor.

Exhibit F, Section 4.5c.

14.     Section 16.1.1 of Umoja's subcontract with D.A. Nolt provides

"Time is of the essence." Exhibit F.

15.     Section 16.4.1 of Umoja's subcontract with D.A. Nolt provides for withholding of payment upon the PMA's claims of damages related to delays to the Project:

> In the event of any failure of Subcontractor to complete his work within the required time, the Subcontractor hereby agrees to reimburse the Contractor for any and all <u>actual and/or</u> liquidated damages that may be assessed against the Contractor by the Owner, which are directly or indirectly attributable to work caused by the Subcontractor's failure to comply fully with the foregoing provision.

Exhibit F (emphasis in original).

16.     Section 16.4.2 of Umoja's subcontract with D.A. Nolt provides for Umoja to compensate D.A. Nolt for any damages D.A. Nolt sustains due to delays caused by Umoja:

> Subcontractor also agrees to pay to the Contractor such damages as the Contactor may sustain by reason of any delay, directly or indirectly, attributable to or caused by the Subcontractor.

Exhibit F.

17.     Section 4.3 of Umoja's subcontract with D.A. Nolt allows the withholding of payment for claims made by the PMA

> The Contractor may deduct from amounts due or to become due to the Subcontractor on this Project any sums due or to become due to Contractor from the Subcontractor.

Exhibit F.

## V. The PMA Has Not Paid D.A. Nolt for RCC's and Umoja's Work

18. D.A. Nolt has not been paid in full by the PMA for the steel work at the Project. Exhibit H, deposition of Richard O'Brien, Vice President of D.A. Nolt, p. 70.

19. D.A. Nolt has not been paid in full for the materials provided by RCC at the Project. Exhibit H, pp. 70-71.

20. The PMA has not made any payments to D.A. Nolt since January 2017. Exhibit H, p. 73.

21. D.A. Nolt has paid Umoja the full amount, and maybe more, that D.A. Nolt has received from the PMA for the labor and materials provided by Umoja and RCC at the Project. Exhibit H, p. 74-77.

22. D.A. Nolt's Payment History shows that it has disbursed all of the payments it received from the PMA for labor and materials provided by Umoja and RCC at the Project. Exhibit I, Payment History; Exhibit H, pp.45-46.

## VI. The PMA Has Asserted Claims for Delay Damages Against D.A. Nolt

23. D.A. Nolt has sued the PMA is this Court for non-payment on the Project in the amount of $2,564,329.37. Exhibit J, D.A. Nolt's Complaint.

24. The PMA has filed a Counterclaim in the amount of $2,722,288.12 including claims for actual and liquidated damages for delays on the Project, citing the Project completion date of December 16, 2016. Exhibit K, PMA's Answer and Counterclaim.

25. The case between D.A. Nolt and the PMA is currently scheduled to go to trial in November of 2019. Exhibit L, Scheduling Order.

26. Section 19 of Umoja's subcontract with D.A. Nolt binds Umoja and RCC to any findings and/or decisions in the lawsuit between D.A. Nolt and the PMA

> In the event of any dispute between the Contractor and the Owner which involves the work required to be performed by Subcontractor under this Subcontract, . . . Subcontractor agrees to be bound to Contractor and Contractor agrees to be bound to Subcontractor. . by all decisions or findings made . . . by an administrative agency or court of competent jurisdiction, whether or not Subcontractor is a party to the proceedings before said person, agency or court.

Exhibit F, Section 4.5c.

## VII. RCC Fabricators and Umoja Delayed the Progress of the Project

27. RCC Fabricators' contract with Umoja, dated August 2, 2016, provided that the delivery of RCC Fabricators' structural steel was to be delivered "4-6 weeks from Receipt of Approved Shop Drawings." Exhibit G, Exhibit A, RCC Fabricators' bid.

28. RCC Fabricators' initial shop drawings were provided June 27, 2016. Exhibit M, Shop Drawings.[1]

29. RCC Fabricators began delivery its structural steel to the Project on September 28, 201. Exhibit N, RCC Fabricators' Bills of Lading.

30. RCC Fabricators delivered the last of its structural steel to the Project on February 22, 2017, more than three months after the Project completion date. Exhibit N.

---

[1] D.A. Nolt had contracted directly with RCC Fabricators for the shop drawings in May, 2016. Exhibit O, deposition of Scott Vesper, President of RCC Fabricators, p. 18. The production of these shop drawings was delayed due to the actions of RCC Fabricators. Exhibit O, pp. 44, 49.

6

31.     In addition, Umoja has identified several pieces of steel that RCC Fabricators had fabricated incorrectly and had to be re-fabricated, further delaying the Project. Exhibit P, Umoja's Supplemental Answers to Interrogatories.

32.     D.A. Nolt's work was delayed by the late delivery of RCC Fabricators' steel as D.A. Nolt could not complete its roof work without the structural steel. Exhibit O, pp. 126-27.

33.     D.A. Nolt repeatedly advised RCC Fabricators' of the delays RCC Fabricators was causing. Exhibit P, p. 123-24; Exhibit Q, Deposition of Jeff Smilek, Project Manager for RCC Fabricators, pp. 89-90, 128; Exhibit R, sample project correspondence.

### VIII.    The Delays Caused by RCC Fabricators and Umoja Caused D.A. Nolt Damages Which is a Setoff to RCC Fabricators' Claim for Payment

34.     D.A. Nolt has suffered severe financial consequences due to the delays in the Project caused by Umoja and RCC Fabricators. Exhibit S, March 31, 2017 O'Brien correspondence to Brown re: delay damages.

35.     These financial consequences were detailed by D.A. Nolt shortly after Umoja and RCC Fabricators completed its work. Exhibit S.

36.     D.A. Nolt claimed these damages as a setoff against any amounts due Umoja and its subcontractor, RCC Fabricators. Exhibit S.

37.     D.A. Nolt has produced documentation of all of these damages in this litigation. Exhibit T, Summaries of D.A. Nolt's Backcharge Documentation.

38.     These backcharges include the following:

- Overcharges on Umoja Invoices          $97,654.86
- All Costs Associated with Steel RFIs   $23,200.00
- Additional Engineering Services        $19,892.50
- Damage to Roof                         $522,197.60

- Extended General Conditions        $488,422.96

- Equipment Charged but Not Returned        $5,517.10

- Rejected Umoja Invoices – Rework labor        <u>$238,486.23</u>

     TOTAL        $1,395,371.25

### IX.  North American Can and Does Asset the Defenses of its Principal, D.A. Nolt, to the Claim of RCC Fabricators

39. D.A. Nolt has not been paid for Umoja's and therefore RCC Fabricators' work. Exhibits H and I.

40. D.A. Nolt has suffered the above damages due to the actions of Umoja and RCC Fabricators. Exhibit S, March 31, 2017 O'Brien correspondence to Brown re: delay damages and Exhibit T, Summaries of D.A. Nolt's Backcharge Documentation.

41. D.A. Nolt has exposure to the claims of the PMA due to the actions of Umoja and RCC Fabricators. Exhibit K.

     Respectfully submitted,

     **DEAN E. WEISGOLD, P.C.**

Dated:  July 29, 2019   *s/ Leonard A. Windish*
     **LEONARD A. WINDISH**
     1835 Market Street, Suite 1215
     Philadelphia, Pennsylvania 19103
     Phone: (215) 979-7605
     Fax: (215) 599-0322
     lenwindish@verizon.net