IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RCC FABRICATORS, INC. | : CIVIL ACTION |
| Plaintiff | : |
| v. | : NO. 17-CV-05304 |
| UMOJA ERECTORS, LLC | : |
| NORTH AMERICAN SPECIALTY | : |
| INSURANCE COMPANY, | : |
| Defendants | : |

## O R D E R

AND NOW, this 28th day of September 2020, upon consideration of the First Motion for Joinder of D.A. Nolt, Inc. as a Third Party Defendant filed by DEFENDANT UMOJA ERECTORS, LLC. (Document #31), together with the Response in Opposition to Joinder filed by DEFENDANT NORTH AMERICAN SPECIALTY INSURANCE COMPANY (Document #33), together with the Response in Opposition to Joinder filed by PLAINTIFF RCC FABRICATORS, INC. (Document #34), together with the Supplemental Memorandum of Law Supporting its First Motion for Joinder filed by DEFENDANT UMOJA ERECTORS (Document #35), together with the Reply Brief in Opposition to Joinder filed by DEFENDANT NORTH AMERICAN SPECIALTY INSURANCE COMPANY (Document #37),

it is hereby **ORDERED** that the motion (**Document #31**) is **DENIED**.[1]

BY THE COURT

S/ Linda K. Caracappa, U.S.M.J.

_____

---

[1] Non-movants, in extensive responses opposing joinder of the proposed third-party defendant, make several varying arguments to defeat joinder. While the court would accept the filing of Document 35, the supplemental memorandum of law with attached proposed complaint as curing one of those arguments, the argument advanced in Document #37, supported by its attachments, is dispositive in not permitting the sought joinder at this time. The moving party here, and the proposed third-party defendant, are contractually bound to an alternate dispute resolution protocol. See Document 37-1, page 16, Article 37. Determination of Disputes. Whether or not this protocol is exclusive and dispositive, at a minimum, compliance with same appears clearly to be a condition precedent to the commencement of litigation in any federal or state court. Compliance with said protocol is not proffered here, and Defendant North American Specialty Insurance specifically represents to the court at page 2, of Document 37, that there has been no initiation of the contractually binding resolution protocol, which representation remains unchallenged in the record to date.