IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RCC FABRICATORS, INC. | : CIVIL ACTION |
| Plaintiff | : |
| v. | : NO. 17-CV-05304 |
| UMOJA ERECTORS, LLC | : |
| NORTH AMERICAN SPECIALTY | : |
| INSURANCE COMPANY, | : |
| Defendants | : |

**O R D E R**

AND NOW, this 28th day of September 2020, upon consideration of Plaintiff RCC Fabricators' Motion for Summary Judgment (Document #38) together with Exhibits #1-26 thereto, and consideration of Defendant North American Specialty Insurance Company's response thereto (Document #40) together with Exhibits #1-21 thereto, it is the finding of the court that there remain genuine issues of material fact[i].

Accordingly, it is hereby ORDERED the motion (Document #38) is DENIED.

BY THE COURT

S/ Linda K. Caracappa

_____

LINDA K. CARACAPPA, U.S.M.J.

---

[i] The legal standard to evaluate a motion for summary judgement is well established. Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions, affidavits and other submissions, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ P 56(c ); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of identifying those portions of the record that it believes illustrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the moving party makes such a demonstration, the burden then shifts to the nonmovant, who must offer evidence that establishes a genuine issue of material fact that should proceed to trial. Celotex Corp. at 324. In reviewing the record, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Armbruster v. Unisys Corp, 32 F.3d 768, 777 (3rd Cir. 1994).  Furthermore, a court may not make credibility determinations or weigh the evidence in making its determination. (citations omitted)

     The motion of plaintiff seems to focus on the responsibility for recording and verifying field dimensions needed for the fabrication and eventual erection of steel on the subject construction job as dispositive of this motion.  If the court agreed with that limited position, and based on a thorough review of all pleadings and documents submitted in this case, summary judgment could issue, as there does not appear to be any dispute that responsibility and failures regarding necessary field dimensions are not attributable to plaintiff here based on the documents reviewed.  However, the court does not agree with such a limited liability stance, and notes that there remain factual disputes regarding the responding party's claims potentially attributable in part or whole to plaintiff regarding delays in job performance, for which liability of responding party's principal may be offset or extinguished. Pennsylvania law applies here, and it is well established under Pennsylvania law that a surety, such as responding party here, may assert defenses available to its principal.

     Additionally, there remain factual disputes on other material facts, including whether payment was made by responding party's principal, whether payment was not made because of payment checks being either cancelled or held in escrow… these are material disputed facts necessary to resolve the liability of a surety (responding party) pursuant to its payment bond.

     The court is compelled to note that the equities are troubling here in that plaintiff supplied and furnished more than two hundred thousand dollars of fabricated steel, which was and continues to be, installed in the construction project at issue, yet plaintiff has never received any payment whatsoever for its product and effort. However, equities are not a factor in review of a motion seeking summary judgment and the burden on plaintiff remains high. As there remains dispute in material facts, the motion at this time must be denied.