IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RCC FABRICATORS, INC.<br>                      Plaintiff<br>v.<br>UMOJA ERECTORS, LLC<br>NORTH AMERICAN SPECIALTY<br>     INSURANCE COMPANY<br>                      Defendants | : CIVIL ACTION<br>:<br>:<br>: No. 17-5304-TR<br>:<br>:<br>:<br>: |

**ORDER**

**AND NOW,** this _____ day of _____, 2021, upon consideration of the Motion to Preclude Plaintiff RCC Fabricators, Inc. from Asserting Any Statutory Payment Act Claim Against Defendant North American Specialty Insurance Company and any response thereto and any response thereto, it is hereby **ORDERED** and **DECREED** that the motion is **GRANTED**. Plaintiff RCC Fabricators, LLC is hereby **PRECLUDED** from advancing any claim based upon Pennsylvania's Contractor and Subcontractor Payment Act or Pennsylvania's Prompt Payment Act against Defendant North American Specialty Insurance Company at trial.

                                                    **BY THE COURT:**

                                                    _____

                                                                       **J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RCC FABRICATORS, INC. : | CIVIL ACTION |
| Plaintiff : | |
| v. : | |
| UMOJA ERECTORS, LLC : | No. 17-0304-TR |
| NORTH AMERICAN SPECIALTY : | |
| INSURANCE COMPANY : | |
| Defendants : | |
| : | |

**DEFENDANT NORTH AMERICAN SPECIALTY INSURANCE COMPANY'S
MOTION TO PRECLUDE ANY STATUTORY PAYMENT ACT CLAIM**

Defendant North American Specialty Insurance Company ("North American"), by its undersigned counsel, moves for an order precluding Plaintiff RCC Fabricators, LLC from offering any testimony or evidence supporting or otherwise advancing any claim based upon Pennsylvania's Contractor and Subcontractor Payment Act or Pennsylvania's Prompt Payment Act against North American at trial. In support of this motion, North American relies upon and incorporates the supporting Brief in Support of Motion to Any Statutory Payment Act Claim.

Respectfully submitted,

DEAN E. WEISGOLD, P.C.

Dated: March 30, 2021

*s/ Dean E. Weisgold*
**DEAN E. WEISGOLD**
1835 Market Street, Suite 1215
Philadelphia, Pennsylvania 19103
Phone: (215) 979-7602
Pennsylvania state ID No. 52927

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RCC FABRICATORS, INC. | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| UMOJA ERECTORS, LLC | : | No. 17-0304-TR |
| NORTH AMERICAN SPECIALTY | : | |
| INSURANCE COMPANY | : | |
| Defendants | : | |
| | : | |

**DEFENDANT NORTH AMERICAN SPECIALTY INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO PRECLUDE ANY STATUTORY PAYMENT ACT CLAIM</u>**

**I.    <u>INTRODUCTION</u>**

Plaintiff RCC Fabricators, Inc. ("RCC") has made a claim against Defendant Umoja Erectors, LLC ("Umoja") in Count One of RCC's Complaint for violation of Pennsylvania's Contractor and Subcontractor Payment Act, 73 P.S. § 501, et seq., ("CASPA") which allows for an award of attorneys' fees and penalties for failure to pay a subcontractor in accordance with the terms of a subcontract.  See RCC's Complaint, attached hereto as Exhibit "A").  Count Four of RCC's Complaint, against Defendant North American Specialty Insurance Company ("North American"), incorporates the previous paragraphs and asks for an award of attorneys' fees against North American.  See Exhibit "A".  It is anticipated that, should RCC prevail at trial, it will make a claim for its attorneys' fees and statutory penalties against North American. However, North American cannot be held liable for RCC's attorneys' fees or statutory penalties because courts have not extended liability for attorneys' fees under CASPA or its public project counterpart, the Pennsylvania Procurement Code (the "Prompt Pay Act"), to sureties[1].

---

[1] North American takes no position as to RCC's claims against Defendant Umoja for statutory payment act claims.

## II. ARGUMENT

### A. Legal Standard

It has long been the law in the Commonwealth of Pennsylvania that "in the absence of a statute or contract, a litigant is ordinarily responsible for the payment of his own counsel fees." *Pennsylvania Assoc. of State Mental Hospital Physicians v. State Employees' Retirement Bd.*, 483 A.2d 1003, 1005 (Pa.Cmwlth. 1984). An award of attorneys' must therefore be based on a contract or a statute. In this case, there is neither.

### B. RCC Can Have No Claim for Attorneys' Fees against North American

#### 1. North American's Payment Bond Does Not Provide for Attorneys' Fees

North American provided a payment bond to D.A. Nolt, Inc. for a public construction contract that D.A. Nolt had been awarded in August of 2015 by the City of Philadelphia (the "Project"). The payment bond issued by North American to guarantee payment to D.A. Nolt's subcontractors and suppliers incorporates D.A. Nolt's subcontract with Umoja. The payment bond contains no language authorizing an award of any attorneys' fees.

#### 2. No Statute Authorizes an Award of Attorneys' Fees against North American

RCC's CASPA claim is not applicable to this case as the owner of the project at issue was the Philadelphia Municipal Authority. CASPA does not apply to a construction project where the owner is a governmental entity. *Clipper Pipe & Service v. Ohio Casualty Ins. Co.*, 115 A.3d 1278, 1284 (Pa. 2015). Therefore, this claim fails on its face alone.

In addition, federal courts have refused to impose payment act damages, such as attorneys' fees, against sureties in the absence of bond language allowing for such damages. In

*Knecht v. United Pacific Ins. Co.*, 860 F.2d 74 (3d Cir. 1988), the Court reversed a trial court's award of attorneys' fees against a surety where its principal went bankrupt. "Yet, in United's bond, no reference was made to attorney's fees. In the circumstances, we conclude that attorney's fees are not recoverable in this action." *Id.* at 81. *See also Ragan v. Tri-County Excavating*, 62 F3d 501, 513 (3d Cir. 1995) ("Pennsylvania law . . . limits a surety's obligations to those detailed in the bond itself."); *Structural Group v. Liberty Mutual Ins. Co.*, 2009 U.S.Dist.LEXIS 18587 *10 (Md.D.Pa. 2009) ("[S]ureties are absent from the list of actors subject to the [Prompt Pay] Act."); *R.W. Sidley v. United States Fidelity & Guaranty Co.*, 319 F.Supp.2d 554, 560 (W.D.Pa. 2004) ("If the Legislature intended the [Prompt Pay Act] provisions cited by Plaintiff to apply to sureties, it would have expressed such intent. Thus, the plain language of the Procurement Code does not support the Plaintiff's claims [for attorneys' fees]."; *Sippel Development v. Western Surety Co.*, 2008 U.S.Dist.LEXIS 125014 *29-*30, (W.D. Pa. 2008) *citing R.W. Sidley, supra.*

Also, Pennsylvania lower tier courts have refused to impose the payment obligations of contractors under CASPA and the Prompt Pay Act on a contractor's respective surety. In *Dunbar Asphalt Products v. GEM Building Contractors & Developers*, 2016 Pa. Dist.&Cnty. Dec. LEXIS 21682 (Crawford Co. 2016), the court denied a subcontractor's claim for attorneys' fees under the Prompt Payment Act against a contractor's surety. "A bonding company is not liable for penalties or attorneys' fees awarded pursuant to the Prompt Pay Act". *Id.* at *20, fn 8. In *Aegis Security Ins. Co. v. Kusevich Construction*, 2015 Pa. Dist.&Cnty. Dec. LEXIS 19938 (Allegheny Co. 2015), the court dismissed the CASPA claims made against a surety: "CASPA does not include a surety in the definition of what constitutes a contractor or subcontractor.

3

Thus, [the surety] has no payment obligations . . . that are compensable under CASPA." *Id.* at *13.

RCC cannot seek its attorneys' fees and costs from North American in this case as such an award is not authorized by contract or statue. Therefore, RCC should be precluded from making this claim at the trial of this case.

## V.   CONCLUSION

For all of the above reasons, Defendant North American Specialty Insurance Company requests that this Honorable Court preclude Plaintiff RCC Fabricators, LLC from advancing any claim based upon Pennsylvania's Contractor and Subcontractor Payment Act or Pennsylvania's Prompt Payment Act against Defendant North American Specialty Insurance Company, at trial.

Respectfully submitted,

**DEAN E. WEISGOLD, P.C.**

Dated: March 30, 2021

*s/ Dean E. Weisgold*
**DEAN E. WEISGOLD**
1835 Market Street, Suite 1215
Philadelphia, Pennsylvania 19103
Phone: (215) 979-7602
Pennsylvania state ID No. 52927

## CERTIFICATE OF SERVICE

I, Dean E. Weisgold hereby certify that a true and correct copy of the foregoing the Motion to Preclude Plaintiff RCC Fabricators, Inc. from Asserting Any Statutory Payment Act Claim was served upon the following on March 30, 2021 via notice of Electronic Case Filing:

Patrick J. Hughes, Esquire
Connell Foley LLP
Liberty View Bldg Suite 230
457 Haddonfield Rd
Cherry Hill, NJ 08002

Tsiwen M. Law, Esquire
Law & Associates, LLC
1617 John F. Kennedy Blvd.
Suite 1055
Philadelphia, Pa 19103

                                                **DEAN E. WEISGOLD, P.C.**

Dated: March 30, 2021                  *s/ Dean E. Weisgold*
                                                **DEAN E. WEISGOLD**
                                                1835 Market Street, Suite 1215
                                                Philadelphia, Pennsylvania 19103
                                                Phone: (215) 979-7602
                                                Pennsylvania state ID No. 52927