# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RCC FABRICATORS, INC. | : | CIVIL ACTION |
|         Plaintiff | : | |
| v. | : | |
| UMOJA ERECTORS, LLC | : | No. 17-5304-TR |
| NORTH AMERICAN SPECIALTY | : | |
|    INSURANCE COMPANY | : | |
|         Defendants | : | |
| | : | |

## ORDER

**AND NOW,** this _____ day of _____, 2021, upon consideration of the Motion to Preclude Plaintiffs' Expert Witness Testimony filed by Defendant North American Specialty Insurance Company, and any response thereto and any response thereto, it is hereby **ORDERED** and **DECREED** that the motion is **GRANTED**. Plaintiff RCC Fabricators, LLC is hereby **PRECLUDED** from offering any and all testimony, reports, and evidence from Plaintiff's proposed expert, Jesse R. Sloane, at trial.

**BY THE COURT:**

_____
                                                          **J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RCC FABRICATORS, INC. : | CIVIL ACTION |
|              Plaintiff : | |
| v. : | |
| UMOJA ERECTORS, LLC : | No. 17-0304-TR |
| NORTH AMERICAN SPECIALTY : | |
|     INSURANCE COMPANY : | |
|              Defendants : | |

**DEFENDANT NORTH AMERICAN SPECIALTY INSURANCE COMPANY'S
MOTION TO PRECLUDE EXPERT TESTIMONY**

Defendant North American Specialty Insurance Company ("North American"), by its undersigned counsel, moves for an order precluding Plaintiff RCC Fabricators, LLC from offering any testimony, report, or evidence from Plaintiff's proposed expert, Jesse R. Sloane, at trial. In support of this motion, North American relies upon and incorporates the supporting Brief in Support of Motion to Preclude Expert Witness Testimony.

                                           Respectfully submitted,

                                           **DEAN E. WEISGOLD, P.C.**

Dated: March 30, 2021         *s/ Dean E. Weisgold*
                                          **DEAN E. WEISGOLD**
                                          1835 Market Street, Suite 1215
                                          Philadelphia, Pennsylvania 19103
                                          Phone: (215) 979-7602
                                          Pennsylvania state ID No. 52927

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RCC FABRICATORS, INC. | : | CIVIL ACTION |
|                Plaintiff | : | |
| v. | : | |
| UMOJA ERECTORS, LLC | : | No. 17-0304-TR |
| NORTH AMERICAN SPECIALTY | : | |
|    INSURANCE COMPANY | : | |
|                Defendants | : | |
| | : | |

**DEFENDANT NORTH AMERICAN SPECIALTY INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO PRECLUDE EXPERT TESTIMONY</u>**

**I.   <u>INTRODUCTION</u>**

Plaintiff RCC Fabricators, LLC ("RCC") has disclosed its intent to offer Jesse R. Sloane as an expert witness. Upon review of RCC's disclosure and expert report, it is apparent that RCC's proposed expert testimony does not meet the standards for expert testimony under Federal Rule of Evidence 702 or the *Daubert* standard. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). In addition, any probative value of the proposed expert testimony is outweighed by the danger of needlessly presenting cumulative evidence as contemplated by Rule 403 of the Federal Rules of Evidence. Therefore, this Court should rule Mr. Sloane's opinions are inadmissible, or in the alternative, limit their scope to exclude all unqualified opinions, speculative inferences, and legal conclusions.

**II.   <u>ARGUMENT</u>**

    **A.   <u>Legal Standard</u>**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the Supreme Court's opinion in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Under Rule 702, an expert is qualified to testify in the form of

an opinion if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. There are several factors that should take into account in evaluating whether a particular scientific methodology is reliable:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

*Kannankeril v. Terminix Int'l*, 128 F.3d 802, 807 (3d Cir. 1997) (*quoting In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 n.8 (3d Cir. 1994).

Rule 702 charges trial judges with the responsibility of acting as "gatekeepers" with respect to testimony proffered under Rule 702 to ensure that the testimony is sufficiently reliable to qualify for admission." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). The decision of whether to admit expert testimony rests within the discretion of the district court. *See General Electric v. Joiner*, 522 U.S. 136, 142 (1997).

**B.  Jesse R. Sloane's Anticipated Testimony and Report Will Not Assist the Trier of Fact**

Jesse R. Sloane, P.E., is a construction consultant and currently Vice President of the Construction Consulting Solutions Practice at March & McLennan Companies, a consulting services consortium headquartered in New York City. *See* Exhibit 1 (curriculum vitae of Jesse R.

Sloane, P.E.). He is proffered to opine that (1) "RCC is entitled to the full base contract value of $209,805"; (2) "Umoja was responsible for all field verification of steel dimensions"; (3) "RCC is entitled to $19,648.79 for additional steel fabricated in excess of that required by its base subcontract agreement with Umoja"; (4) "Umoja has provided no evidence to support its allegations that backcharges should be applied to RCC's contract balance"; and (5) without a Critical Path Analysis, "RCC cannot be held responsible or liable for any alleged delay-related costs within Umoja's or Nolt's scopes of work." *See* Exhibit 2 (Report of Jesse R. Sloane, P.E.) at page 6.

Sloane's 18-page expert report is composed of assumptions that are slanted in favor of RCC, misstates facts, and fails to account for any countervailing evidence against his position. The report also lacks identification or explanation of any of the methodology to form the bases for his conclusions. The report further opines on the ultimate issue in the case, which is improper.

### A. Jesse Sloane's Report and Opinions Are Not Helpful to The Trier of Fact

The contents of Sloane's report and opinion, which summarily interprets contractual language and decides that RCC is entitled to everything it claims, does not require any specialized knowledge beyond the ken of the trier of fact. Under Federal Rules of Evidence 702, an expert is required to use "scientific, technical, or other specialized knowledge" to help the trier of fact understand the evidence. Fed. R. Evid. 702(a). Federal Rule of Evidence 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

F.R.E. 702. The party offering the expert bears the burden of demonstrating admissibility. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 n.10 (1993). The district court acts as a gatekeeper to ensure that only reliable opinion testimony that fits the case and comes from qualified experts reaches the jury. *See Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003); *see also United States v. Mitchell*, 365 F.3d 215, 244 (3d Cir. 2004).

Additionally, experts can provide an opinion about the ultimate issue in a case but may not give an opinion tied to any legal conclusion, such as whether a defendant was negligent. *Patrick v. Moorman*, 536 Fed. App'x 255, 258 (3d Cir. 2013)(citing *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006); *United States v. Leo*, 941 F.2d 181, 196-97 (3d Cir. 1991)). In fact, Rule 704 of the Federal Rules of Evidence prohibits expert testimony that expresses a legal conclusion. *Haberem v. Kaupp Vascular Surgeons Ltd. Defined Benefit Plan & Trust Agreement*, 812 F.Supp. 1376, 1378 (E.D. Pa. 1992); *see also Green Mach. Corp. v. Zurich Am. Ins. Group*, 2001 U.S. Dist. LEXIS 13378 (E.D. Pa. 2001); *Napoli v. Haymond*, 2003 U.S. Dist. LEXIS 28234 (E.D.Pa. 2003).

Sloane summarily concludes that RCC is entitled for the full contract price and for the alleged additional fabricated steel just because RCC eventually delivered all of the steel it was contracted to. This discounts the defense's contention that RCC failed to deliver steel in a timely manner and totally ignores the damage the late delivery of the steel caused. As the Court is aware, the project owner has made a claim in this Court for damages of $1,310,424.17 in delay damages. This opinion also ignores the contractual language allowing Umoja and defendant

North American Specialty Insurance Company's ("NASIC") principal, D.A. Nolt, Inc. to withhold payment for claims made by the owner that relate to RCC's work. Section 16.4.1 of Umoja's contract with D.A. Nolt provides for withholding of payment from Umoja upon the project owner's claims of damages related to delays to the Project:

> In the event of any failure of Subcontractor to complete his work within the required time, the Subcontractor hereby agrees to reimburse the Contractor for any and all <u>actual and/or</u> liquidated damages that may be assessed against the Contractor by the Owner, which are directly or indirectly attributable to work caused by the Subcontractor's failure to comply fully with the foregoing provision.

Exhibit 3 (D.A. Nolt/Umoja Contract) (emphasis in original). Section 16.4.2 of Umoja's subcontract with D.A. Nolt provides for Umoja to compensate D.A. Nolt for any damages D.A. Nolt sustains due to delays caused by Umoja:

> Subcontractor also agrees to pay to the Contractor such damages as the Contactor may sustain by reason of any delay, directly or indirectly, attributable to or caused by the Subcontractor.

Exhibit 3. Section 4.3 of Umoja's subcontract with D.A. Nolt allows the withholding of payment for claims made by the PMA

> The Contractor may deduct from amounts due or to become due to the Subcontractor on this Project any sums due or to become due to Contractor from the Subcontractor.

Exhibit 3. Sloane ignores this language and summarily proclaims that RCC is entitled to all of its pleaded damages. This conclusion does not require any specialized knowledge and does not aid the trier of fact in understanding the evidence. This is also a legal conclusion that is not the proper subject of expert testimony.

5

While Sloane ignores the contract language quoted above, he nevertheless interprets other contractual language in RCCs favor. "In the absence of specialized trade usage, expert testimony regarding proper contract interpretation is inadmissible, as is expert testimony regarding the legal significance of the contract language." *U*Answers, Inc. v. G2Link, LLC*, 2019 U.S. Dist. LEXIS 222780, at *4 (E.D. Pa. December 31, 2019) *quoting U.S., ex rel. Palmer v. C & D Techs., Inc.*, No. CIV.A. 12-907, 2015 U.S. Dist. LEXIS 95617, 2015 WL 4470291, at *6 (E.D. Pa. July 22, 2015). This is not the type of evidence that requires an expert opinion, because it contains nothing more than Mr. Sloane's subjective interpretations of the contract documents. The trier of fact is quite capable of drawing its own interpretations of the contract documents. *See Gallatin Fuels, Inc. v. Westchester Fire Ins.*, 410 F. Supp. 2d 417, 421 (W.D. Pa. 2006) (excluding an expert where his proffered testimony included a subjective interpretation of the policy language*); In re Genetically Modified Rice Litig.*, 666 F. Supp. 2d 1004, 1025 (E.D. Mo. 2009) ("Expert witnesses must do more than simply summarize documents with a tilt favoring a litigant.") Mr. Sloane does not identify any evidence of specialized trade usage. As such, Sloane's exercise of reciting deliberately selected portions of RCC's proposal will not be helpful to the trier of facts determination of whether RCC or defendant Umoja Erectors was responsible for the field verification of measurements on the project drawings.

Likewise, Mr. Sloane's pronouncements that Umoja provided no evidence of backcharges ignores D.A. Nolt's evidence of backcharges that greatly exceed RCC's claim. This also does not require any specialized knowledge and does not aid the trier of fact in understanding the evidence to be presented at trial.

6

Lastly, Mr. Sloane's opinion that a lack of a CPM analysis precludes any damages for delay is a legal conclusion that is not a proper subject of expert testimony. In addition, this opinion flies in the face of Pennsylvania law that expert testimony is not required to establish delay damages. *James Corp. v. N. Allegheny Sch. Dist.*, 938 A.2d 474, 494-95 (Pa.Cmwlth. 2007); *see also Indep. Enters. v. JD Fields & Co.*, 2015 Pa. Super. Unpub. LEXIS 630 * 19 (Pa.Super. 2015); *Quinn Constr. v. Skanska United States Bldg.*, 2010 U.S. Dist. LEXIS 159469 (E.D. Pa. 2010). Therefore, Mr. Sloane should be precluded from testifying to the contrary at the trial of this matter.

### B. Jesse Sloane's Report and Opinions Needlessly Present Cumulative Evidence.

Federal Rule of Evidence 403 allows a Court to exclude expert testimony if its probative value is substantially outweighed by a danger of needlessly presenting cumulative evidence Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

F.R.E. 403. . *See Ponzini v. Monroe Cnty.*, 2016 U.S. Dist. LEXIS 117357 *11 (M.D. Pa. 2017).

In this case, Mr. Sloane merely reiterates portions of the deposition testimony of witnesses that will testify at trial in support of his opinions. This needlessly presents cumulative evidence. Notably, Mr. Sloane does not cite any of the deposition testimony of RCC's witnesses. This cherry-picking is unfairly prejudicial and has the potential to confuse the issues and to mislead the trier of fact. Therefore, Mr. Sloane should be precluded from testifying at the trial of this matter.

## V. **CONCLUSION**

For all of the above reasons, Defendant North American Specialty Insurance Company requests that this Honorable Court preclude Plaintiff RCC Fabricators, LLC from offering any and all testimony, reports, and evidence from Plaintiff's proposed expert, Jesse R. Sloane, at trial.

Respectfully submitted,

**DEAN E. WEISGOLD, P.C.**

Dated: March 30, 2021

*s/ Dean E. Weisgold*
**DEAN E. WEISGOLD**
1835 Market Street, Suite 1215
Philadelphia, Pennsylvania 19103
Phone:      (215) 979-7602
Pennsylvania state ID No.  52927

**CERTIFICATE OF SERVICE**

I, Dean E. Weisgold hereby certify that a true and correct copy of the foregoing Motion to Preclude Plaintiffs' Expert Witness Testimony was served upon the following on March 30, 2021 via notice of Electronic Case Filing:

Patrick J. Hughes, Esquire
Connell Foley LLP
Liberty View Bldg Suite 230
457 Haddonfield Rd
Cherry Hill , NJ 08002

Tsiwen M. Law, Esquire
Law & Associates, LLC
1617 John F. Kennedy Blvd.
Suite 1055
Philadelphia, Pa 19103

                                **DEAN E. WEISGOLD, P.C.**

Dated: March 30, 2021        *s/ Dean E. Weisgold*
                                **DEAN E. WEISGOLD**
                                1835 Market Street, Suite 1215
                                Philadelphia, Pennsylvania 19103
                                Phone: (215) 979-7602
                                Pennsylvania state ID No.  52927