IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RCC FABRICATORS, INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UMOJA ERECTORS, LLC, et al., | : | No. 17-5304 |
| Defendants. | : | |

**ORDER**

AND NOW, on **April 12, 2021**, upon review of the parties' Motions in Limine (docs. 60-62) and responses (docs. 63-66), it is ORDERED:

1.  The motion of Defendant North American Specialty Insurance Co. (NASIC) to preclude evidence against it related to statutory damages (doc. 60), including attorney's fees available under Pennsylvania's Contractor and Subcontractor Act (CASPA), 73 P.S. § 501, et seq, and Pennsylvania's Prompt Pay Act (62 Pa. C.S.A. § 3901, et seq.), is GRANTED. It is undisputed that the construction project at the center of this case a public project. See Cplt. (doc. 1), Ans. (docs. 9, 11) ¶ 6. CASPA does not apply to public works projects. Clipper Pipe & Serv., Inc. v. Ohio Cas. Ins. Co., 115 A.3d 1278, 1284 (2015). Further, most courts who have reviewed the issue agree that the Pennsylvania Supreme Court will likely find neither statute allows for recovery against sureties. See, e.g., Structural Grp., Inc. v. Liberty Mut. Ins. Co., No. 07-1793, 2009 WL 577619, at *5 (M.D. Pa. Mar. 5, 2009) (citing R.W. Sidley, Inc. v. U.S. Fid. & Guar. Co., 319 F. Supp. 2d 554 (W.D.Pa.2004) and Sippel Dev. Co. v. W. Sur. Co., No. 05–46, 2008 WL 728649, at *10 (W.D. Pa. Mar. 17, 2008)).

2.  NASIC's motion to exclude evidence from Jesse R. Sloane, P.E., the expert witness of Plaintiff RCC Fabricators, Inc. (RCC) (doc. 61) is DENIED. Federal Rule of

Evidence 702 governs the admissibility of expert testimony, and it requires that expert testimony: (1) be from a qualified source; (2) be reliable; and (3) fit the facts of the case.  See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589-91 (1993); Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3d Cir. 2008).  Excluding experts is disfavored because their opinions can be tested with cross-examination.  Daubert, 509 U.S. at 595.  Mr. Sloane's credentials and expertise are unchallenged.  See Mot. at 3-7.  RCC proffers its expert to interpret factual evidence in this case, including "change orders, payment applications and invoices, bid documents, proof of payment, drawings, [and] shipping documentation."  Resp. (doc. 65) at 6-7.  Because expert interpretation of these documents can assist the trier of fact, his testimony and report will be allowed.  Fed. R. Evid. 702.  To the extent RCC solicits legal opinions or other inadmissible evidence from Mr. Sloane, I can exclude that evidence at trial.  Hunter v. Kennedy, No. 17-7, 2020 WL 3980450, at *9 (M.D. Pa. July 14, 2020) ("these issues will best be resolved during trial through objections").

3.  RCC's motion to exclude fact evidence related to delay is DENIED.  RCC has cited no caselaw to support its assertion that only expert testimony containing a "critical path method" analysis can establish delay, and I have found none.  Because whether RCC performed its contractual obligations in a timely manner directly affects whether and/or how much defendants owe payment for that performance, the evidence is relevant to material disputes and should be admitted.  Fed. R. Evid. 401.

BY THE COURT:

    /s/ Timothy R. Rice  
TIMOTHY R. RICE  
U.S. MAGISTRATE JUDGE