IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RCC FABRICATORS, INC. | : | |
|     Plaintiff | : | |
|     v. | : | CIVIL ACTION |
| UMOJA ERECTORS, LLC | : | |
| NORTH AMERICAN SPECIALTY | : | NO. 17-CV-05304-TR |
|     INSURANCE COMPANY | : | |
|     Defendants | : | |
| | : | |

**DEFENDANT NORTH AMERICAN SPECIALITY INSURANCE COMPANY'S
PRETRIAL MEMORANDUM**

**I.   NATURE OF THE ACTION AND BASIS OF JURISDICTION**

Plaintiff RCC Fabricators ("RCC") commenced this action seeking payment on a construction subcontract with defendant Umoja Erectors, LLC ("Umoja"). RCC has advanced causes against Umoja for violation of Pennsylvania's Contractor and Subcontractor Payment Act, 73 P.S. § 501, et seq., ("CASPA"), breach of contract, and unjust enrichment/quantum meruit. RCC has also claimed it is due payment from defendant North American Specialty Insurance Company ("North American") pursuant to a payment bond that North American issued on the construction project. Jurisdiction is based on 28 U.S.C. § 1322, there being complete diversity between the plaintiff and the defendants and the amount in controversy exceeding $75,000.

**II.  COUNTERSTATEMENT OF THE FACTS**

North American provided a payment bond to D.A. Nolt, Inc. ("D.A. Nolt") for a public construction contract that D.A. Nolt had been awarded in August of 2015 by the City of Philadelphia. The City of Philadelphia assigned the contract to the Philadelphia Municipal Authority (the "PMA") which operated as the owner of the construction project. The contract was for building façade and roof improvements at the proposed Public Safety Services Campus located at 46th and Market Streets in Philadelphia (the "Project").

A part of D.A. Nolt's work on the Project was for the erection of steel roof frames, a penthouse structure, screen walls, and other miscellaneous steel components on the existing roof of the existing building. D.A. Nolt subcontracted with Umoja for the steel erection work at the Project. Umoja subcontracted with RCC to supply the structural steel for this portion of the Project. D.A. Nolt's work at the Project included the installation and testing of a new roof system, portions of which could not begin until Umoja's work was complete. D.A. Nolt's contract with the PMA required completion of the Project by December 16, 2016.

In December of 2015, D.A. Nolt and Umoja agreed to a price for the erection of the steel components. However, from January through May of 2016, the PMA issued bulletins which

mandated changes to the Project which required changes to the D.A. Nolt-Umoja agreement. Umoja began its work on the Project without a signed subcontract. Additional terms were negotiated, and a final subcontract was signed in November of 2016.

Meanwhile, in May of 2016, D.A. Nolt contracted directly with RCC to produce shop drawings for the structural steel at the Project which required approval of the PMA's engineer before any of the steel required for the roof improvements could be ordered and fabricated. RCC was supposed to have the shop drawings completed by June 2, 2016. However, RCC did not produce a preliminary set of drawings until June 27, 2016. RCC had originally submitted shop drawings on June 14, 2016 but it had used the wrong set of contract drawings so they had to be redone. On July 18, 2016, after the City's engineers and architects commented on RCC's shop drawings, D.A. Nolt returned the drawings to RCC, and RCC had to revise and resubmit the shop drawings before fabrication could begin.

In September of 2016, Umoja subcontracted with RCC for RCC to provide the steel for the Project. At that time, RCC confirmed that it would start to ship the structural steel to the Project during the week of September 19, 2016. However, RCC did not deliver any steel to the Project until September 28, 2016, at which time only certain items were delivered to the Project. RCC had an obligation to ship the steel pursuant to the Project schedule, which required substantial completion by December 16, 2016.

In September and October, D.A. Nolt and Umoja continued to prompt RCC to provide the balance of the structural steel. RCC was not able to deliver the balance of the structural steel until late November, 2016. There were several issues with the structural steel that RCC delivered which had to be modified or replaced. This delayed the completion of the Project that was the sole responsibility of Umoja and/or RCC. Some examples of these issues:

- Davits were installed on existing steel beams without installing the specified steel pieces to allow a proper weld (October 6, 2016 through February 2017);

- Drilling for the anchor bolts in the existing concrete deck caused spalling that needed to be patched (October 6, 2016 through February 2017);

- I-beam columns for the screen walls were fabricated by RCC without accurately verifying existing field conditions (November 9, 2016 through January 2017);

- Beams were fabricated and installed without the required flange requiring field modification using flange plates and new connection calculations (December through February 2017);

- A beam was fabricated incorrectly and installed necessitating dimensional and structural remedies (December through February 2017); and

- Improper welds at the screen wall connection (February 2017).

In addition, Umoja damaged the roof that D.A. Nolt installed at the Project which

required D.A. Nolt to make repairs at significant cost to D.A. Nolt. The delayed completion of Umoja's work further delayed D.A. Nolt's completion of the Project including the installation and testing of the new roof system. D.A. Nolt completed its work at the Project in September of 2017. Final roof testing was completed and accepted in February of 2018.

### III. **MONETARY DAMAGES CLAIMED**

It is well-established under Pennsylvania law that the liability of a surety is no greater than that of the surety's principal, and that a surety may assert any defense of which its principal could take advantage. *See Exton Drive-In, Inc. v. Home Indemnity Co.*, 436 Pa. 480, 261 A.2d 319, 325 (Pa. 1969)

The PMA asserts that the delay in the completion of the Project caused it to incur the following additional costs which it is seeking to recover from D.A. Nolt at trial between D.A. Nolt and PMA which is scheduled for June 2, 2021 before the Honorable Gene Pratter in this Court:

| | |
|---|---|
| Owner-occupied insurance | $471,252.48 |
| Additional architectural services | $67,523.75 |
| Additional construction management | $709,182.83 |
| Electrical service for extended time | $45,985.11 |
| Labor consultant/chair meetings | $14,080.00 |
| Additional Labor Management | <u>$2,400.00</u> |
| | $1,310,424.17 |

D.A. Nolt's contract with Umoja allows that D.A. Nolt "may deduct from amount due or to become due to [Umoja], on this Project any sum due or to become due to [D.A. Nolt] from [Umoja]." To the extent that the PMA can prove any of its delay damages, D.A. Nolt asserts that such damages arise from Umoja's (and RCC's) untimely completion of its work. D.A. Nolt intends to seek compensation from Umoja for any damages assessed against it in favor of the PMA.

D.A. Nolt also incurred additional costs due to the Umoja/RCC schedule and delay issues detailed above and the associated changes to the work. Some work had to be done due to dimensional and workmanship issues. These costs are as follows:

| | |
|---|---|
| Backcharges for additional work/materials | $97,654.86 |
| Additional project management 232 hours at $100/hour | $23,200.00 |
| Additional engineering – Pennoni Invoices | $19,892.50 |
| Damage by Umoja to roof | $522,197.60 |
| Extended General Conditions | $488,422.96 |
| Equipment not returned to D.A. Nolt by Umoja | $5,517.00 |

These damages total $1,156,884.92. This amount is a setoff against any amounts claimed by RCC.

3

**IV.     WITNESSES**

North American intends to call the following witnesses at the trial of this matter.

Rich O'Brien, c/o counsel for North American, will testify to the parties' contractual relationships, contract deadlines, efforts to get the parties to meet deadlines, damages caused by late performance, payments made on the Project, and claims made by the PMA.

Dave Mathews, c/o counsel for North American, will testify regarding the bond issued to D.A. Nolt, the defenses of the bonding company, and the reasons why payment was not made to Umoja or RCC in connection with the Project.

Charles Knauff, c/o counsel for North American, will testify to issues with RCC's fabrication and delivery of steel, the work performed by D.A. Nolt pursuant to its contract with the PMA, D.A. Nolt's subcontract with Umoja, the Project schedule, delays in the delivery of the steel RCC was to provide, the numerous issues and errors that the impacted the installation of fabricated steel at the Project, the necessary modification and replacement of fabricated steel at the Project, errors and mistakes in Umoja's Subcontract work and delays caused by RCC and Umoja at the Project.

Jeff Smilek, 851 Neptune Avenue, Beachwood, NJ 08722, will testify to RCC's subcontract with Umoja, the preparation of shop drawings for the steel RCC was to provide, the subcontracting of the shop drawings by RCC, RCC's scheduling of its fabrication and delivery at the Project, the delivery of steel to the Project, the subcontracting of portions of RCC's fabrication of the steel, the numerous issues, errors, and Requests for Information that impacted the installation of fabricated steel at the Project, and the necessary modification and replacement of fabricated steel at the Project.

Kevin Irvin, 26 Anna Avenue, 2nd Floor, Maple Shade, NJ  08052, will testify to the preparation of shop drawings for the steel RCC was to provide, the subcontracting of the shop drawings by RCC, field measurements taken at the Project, the numerous issues, errors, and Requests for Information that impacted the installation of fabricated steel at the Project, the necessary modification and replacement of fabricated steel at the Project, labor and materials furnished to the Project and Plaintiff's billing for this labor and materials.

Alburn Brown and Kevin Lumpkin, c/o counsel for Umoja, will testify to Umoja's subcontract with D.A. Nolt, field measurements taken at the Project, the PMA's complaints about the quality and timeliness of Umoja's subcontract work, fabrication errors, erection errors, backcharges to Umoja, and Umoja's billing for this labor and materials.

Pedro Pinto and James Lowe, c/o counsel for the PMA, will testify to the Project, the contract with D.A. Nolt, delays on the Project related to Umoja's and RCC's work, D.A. Nolt's claims for non-payment,  the late completion of the Project, and the PMA's claims against D.A. Nolt for delay in the completion of the Project.

4

North American reserves the right to call all witnesses on RCC's and Umoja's witness lists and to call any other person for rebuttal or impeachment purposes.

## V. EXHIBITS TO BE OFFERED AT TRIAL

North American intends to offer at trial the exhibits numbered 66-165 on the parties' joint Trial Exhibit List.  In addition, North American reserves the right to introduce all documents produced by RCC and/or Umoja during discovery or identified at depositions.

North American also reserves the right to use and introduce any or all the documents identified in the pretrial memoranda of RCC and Umoja.  In addition, North American reserves the right to use and introduce any or all the documents produced at the trial by RCC and/or Umoja.

North American reserves the right to use and introduce any other document or thing for rebuttal or impeachment purposes.

## VI. ESTIMATE OF NUMBER OF DAYS FOR TRIAL

Three to ten days.

## VII. ANTICIPATED IMPORTANT LEGAL ISSUES WITH AUTHORITY

1. Whether North American is entitled to all the defenses of its principal, D.A. Nolt. *Superior Precast, Inc. v. Safeco Ins. Co. of America*, 71 F. Supp. 2d 438, 452 (E.D. Pa. 1999); *Exton Drive-In, Inc. v. Home Indemnity Co.*, 261 A.2d 319, 325 (Pa. 1969).

2. Whether the applicable contract documents that make payments due to RCC contingent upon D.A. Nolt's receipt of payment from the PMA are enforceable.  *Sloan & Co. v. Liberty Mutual Insurance Co.*, 653 F.3d 175, 184 (3d Cir. 2011); *Quinn Construction, Inc. v. Skanska USA Building, Inc.*, 730 F.Supp.2d 401, 420 (E.D. Pa. 2010).

3. Whether the applicable contract documents that allow D.A. Nolt to withhold payment from Umoja (and RCC) for claims made by the PMA against D.A. Nolt are enforceable. *Gavlik Construction Co. v. H. F. Campbell Co.*, 526 F.2d 777, 788-89 (3d Cir. 1975).

4. Whether the applicable contract documents that show that Umoja and RCC agreed to be bound by any findings in disputes between D.A. Nolt and the PMA are enforceable. *Gavlik Construction Co. v. H. F. Campbell Co.*, 526 F.2d 777, 788-89 (3d Cir. 1975).

5. Whether D.A. Nolt has made payment for all sum currently due. *Glass Artistry Architectural Glass & Metal v. Western Sur. Co.*, 2010 U.S. Dist. LEXIS 747 (E.D. Pa. 2010).

                Respectfully submitted,

                **DEAN E. WEISGOLD, P.C.**

Dated:  April 20, 2021        *s/ Dean E. Weisgold*
                **DEAN E. WEISGOLD**
                1835 Market Street, Suite 1215
                Philadelphia, Pennsylvania 19103
                Phone:      (215) 979-7602
                Fax:        (215) 599-0322
                dean@weisgoldlaw.com

## **CERTIFICATE OF SERVICE**

I, Dean E. Weisgold hereby certify that a true and correct copy of the foregoing Pretrial Memorandum was served upon the following on April 20, 2021:

Patrick J. Hughes, Esquire
Connell Foley LLP
457 Haddonfield Road
Suite 230
Cherry Hill, NJ 08002

Tsiwen M. Law, Esquire
Law & Associates, LLC
1617 John F. Kennedy Blvd
Suite 1055
Philadelphia, PA  19103

**DEAN E. WEISGOLD, P.C.**

*s/ Dean E. Weisgold*
**DEAN E. WEISGOLD**
1835 Market Street, Suite 1215
Philadelphia, Pennsylvania 19103
Phone:       (215) 979-7605
Fax:           (215) 599-0322
dean@weisgoldlaw.com