UNITED STATES DISTRICT COURT
EASTERM DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RCC FABRICATORS, INC.<br>　　　　Plaintiff, | : | CIVIL ACTION NO.: 2-17 CV 05304-JS |
| v. | : | |
| UMOJA ERECTORS LLC,<br>NORTH AMERICAN SPECIALTY<br>INSURANCE COMPANY<br>　　　　Defendants. | : | |

DEFENDANT UMOJA ERECTOR, LLC'S
PRE-TRIAL MEMORANDUM

I.　　FACTS:

In October of 2016, the Plaintiff (RCC Fabricators, Inc. (hereinafter "RCC Fab") signed a subcontract with Umoja Erectors, LLC (hereinafter "Umoja") for delivery of structural steel to the Public Safety Services Campus (PSSC). D. A. Nolt was the general contractor which hired Umoja. In its subcontract, the Plaintiff agreed that its "progress payments shall be in an amount equal to that portion of the Subcontract amount properly allocable to completed Subcontractor work. Contingent upon payment by Nolt's progress payments, final payments and retainage shall be due and payable to Subcontractor within seven (7) calendar days from the date of Umoja payment received by Nolt. As an express condition precedent to any payment, Subcontractor shall supply Umoja with lien releases properly executed on a form reasonably approved by Umoja and Subcontractor's acceptance of final payment hereunder shall constitute a general release of Umoja from any and all claims or liability of any kind or description relating to the Project …."

1

Under the contract, "Umoja may withhold payment from Subcontractor in an amount sufficient to (a) satisfy, defend, and discharge any claim against Umoja resulting from Subcontractor's acts or omissions on the project or Subcontractor's failure to pay its subcontractors, suppliers, employees or materialmen …. "

## II. HISTORY

From the beginning of September of 2016, the Plaintiff's performance was rife with delays and the delivery of non-conforming steel columns and beams. Due to delays in installation of the steel, D.A. Nolt threatened back charges against the steel delivery and installation by its subcontractor Umoja. Umoja in turn had to withhold payment from Plaintiff RCC Fab to accommodate the threatened back charges that resulted from the delays as well as the defective steel. RCC Fabricators also deliberately modified the WTs delivered contrary to the original part drawings. The modification was rejected by the engineer of record and a subsequent change order was denied by Umoja for non-conformity with the plans. More than twenty pieces of steel had to be returned to RCC Fab, while eight pieces were repaired on site. The modified WTs were delivered more than two weeks after the original due date, which delayed other work originally scheduled on the roof frame.

RCC Fab's original contract was $209,805.00. It has claimed an additional $30,000 for correcting steel sent back for repairs. In many cases, the beams, screen wall or girders were too short or too long to be modified at the project site. In some cases the brackets or bolt holes were welded in the wrong position or place. When the steel is delivered on site, it must be installed while the crews are assembled and the crane operator and crane are ready. Plaintiff claims for re-work payments from Umoja for steel rejected by the site inspector followingt delivery, and Umoja was within its contractual authority to withhold payments from the Plaintiff to satisfy

and discharge all the back charges threatened by D.A. Nolt and the delay damages asserted by the City. . In February 2017, Umoja Erectors received one payment of $66, 168.00 from D.A. Nolt for payment to the Plaintiff for the structural steel delivered. That money was held, and D.A. Nolt has deposited more than $176,000 in escrow, originally owed to Umoja and RCC Fab pending a determination of liquidated damages with the City of Philadelphia and the Philadelphia Municipal Authority. .

Further under the agreement between the Plaintiff and Umoja Erectors, the Plaintiff was to be compensated for accelerations and delays contingent upon approval and payment by Nolt. Nolt has since indicated that it is withholding $176,000.00 payments and as a result of the withholding of such payments the Plaintiff cannot be paid. Specifically, the subcontractor agreement states "Should Subcontractor be delayed in the performance of the Work by any cause beyond Subcontractor's control, Subcontractors sole remedy for such delay shall be an extension of time for performance equal to the period of delay. Except for accelerations or delays that are not the result of Subcontractor's actions or failures to act, in no event shall Umoja be liable to Subcontractor for any damages for delays." As a result, despite the claims by the Plaintiff, Umoja, has no contractual liability to the Plaintiff for delay damages.

At first, Plaintiff agreed to deliver the structural steel in the middle of September of 2016. The first deliveries did not arrive until the end of September of 2016 and the final deliveries were well beyond the original deadline of December 16, 2016. By having Umoja ironworkers repair defective steel on the construction site, they were delayed in other work that was scheduled. In addition, Umoja has not been compensated for the on-site repairs to RCC Fab's non-conforming steel parts.

In addition to the scope of the contract, RCC requested change orders for re-work of the defective steel delivered on site. The total repairs claimed amounts to $30,811.00. Those changes were denied by Umoja Erectors as unnecessary and unjustified. In the agreement, payment to RCC Fab was contingent on receipt of progress payments from general contractor D.A. Nolt. Since D.A. Nolt withheld payments in escrow, Umoja had no funds to pay Plaintiff.

### III.  WITNESSES

A. Brent Ellmann, Ballinger Engineering, 833 Chestnut St., Philadelphia, PA  Engineer of Record, will testify about Plaintiff's failure to fabricate WTs according to the approved drawings which would allow a complete joint penetration weld. Mr. Ellmann designed the repair that Plaintiffs has to make to the returned pieces of steel.

B. Kevin Lumpkin, Umoja Erectors site superintendent, 7332 Mount Vernon Ave., Philadelphia, PA  will testify about errors and delays in screen wall, penthouse, and fifth floor steel which was delivered by Plaintiff throughout the project. He will also discuss the field measurements and their neutral impact on the quality of fabrication.

C. Alburn Brown, president of Umoja Erectors LLC, Secane, Pennsylvania, will testify about the Umoja's coordination of the steel delivery and steel erection at the PSSC site and the steps taken to assure Plaintiff compliance with the original contract drawings.

### IV.  DAMAGES

D.A. Nolt has notified Umoja of $97,654.00 in potential back charges which excludes another $12,000 in possible change order charges. The $12,000 is the result of Nolt failing to open masonry column 3C1, and which caused some of the fabricated steel to be incorrectly sized. Defendant Umoja is owed a credit of $11,163.00 for RCC's delivery of unpainted steel.

Plaintiff's claim of $30,811.00 for re-work is subject to damages for delays that is being assessed against the steel that was supplied by Plaintiff. None of the back charges have been confirmed and are pending in the lawsuit by D.A. Nolt against the Philadelphia Municipal Authority.

Under the terms of the agreement, RCC Fabricators is not entitled to payment of the entire $209,805.00 owed under the original agreement nor the $30, 811.00 for replacement steel, due to a combination of the delays as well as the delivery of non-conforming steel beams and columns. Special allowances were made to exempt Plaintiff from paying the taxes on the steel delivered that resulted in a net increase of $4,000 to RCC Fab.. If D. A. Nolt fails to pay Umoja under the time and materials contract, Plaintiff may be charged $7,000 for the on-site re-work by Umoja, and delays because of the steel non-conformity with RCC Fab's own shop drawings. Deducting the $97,654 back charges and $30,811 and the $7,000 of re-work would leave $105, 151 and a $4,000 credit for a maximum total of $109, 151 owed to Plaintiff.

LAW & ASSOCIATES, LLC

BY: _____
Tsiwen M. Law, Esquire
Counsel for Defendant, Umoja Erectors, LLC