IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RCC FABRICATORS, INC.<br>　　　　Plaintiff<br>　　v.<br>UMOJA ERECTORS, LLC<br>NORTH AMERICAN SPECIALTY<br>　　INSURANCE COMPANY<br>　　　　Defendants | CIVIL ACTION<br><br>NO. 17-CV-05304-TR |

**DEFENDANT NORTH AMERICAN SPECIALITY INSURANCE COMPANY'S
SUPPLEMENTAL RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

On July 2, 2021, Plaintiff RCC Fabricators, Inc. ("RCC") filed its Reply to the Proposed Findings of Fact and Conclusions of Law of Defendant North American Specialty Insurance Company ("NASIC") and Umoja Erectors, LLC ("Umoja"). On July 12, 2021, this Court granted permission to NASIC to submit a brief supplemental reply in light of RCC's July 2, 2021 submission.

In paragraph 19 (of RCC's July 2, 2021 submission), RCC states that the Notice to Proceed from the City/PMA was issued to D.A. Nolt on September 23, 2015, and that D.A. Nolt first contacted RCC in April 2016 and issued a purchase order for shop drawings relating to steel on May 6, 2016. RCC appears to be suggesting that D.A. Nolt somehow delayed in retaining RCC to perform services in connection with this matter. However, the steel design was not finalized until March 2016, and D.A. Nolt was not directed to proceed with shop drawings until that time. See Exhibit 137 (D.A. Nolt's Proposed Findings of Fact and Conclusions of Law in D.A. Nolt/City-PMA case) at ¶¶1-85. Thus, D.A. Nolt's contacting RCC in April 2016 was consistent with the dates of the steel work.

In paragraph 26, liquidated damages and potential back charges of any type are absolutely relevant to the resolution of the dispute. Section 26(h) of the SCR speaks for itself and is abundantly clear that it also applies to other claims and offsets, credit change orders and/or chargebacks which the City/PMA may have against D.A. Nolt. The D.A. Nolt/Umoja Subcontract expressly allows D.A. Nolt to obtain compensation from Umoja for such issues.

In paragraph 56, it is unclear why RCC claims "[t]he statement is not supported by any evidence that was admitted into evidence, and is incorrect." To the contrary, Exhibit 37-C (which was admitted into evidence without objection) explicitly states the shop drawings had not been provided as of October 13, 2016. (See email from Alburn Brown to RCC representatives: **"As per the below email we still do not have a complete set of final shop drawings for record."**) (bold and underline in original).

In paragraphs 83 and 93, the contentions made by RCC are incomplete and inaccurate. Nothing in Mr. Brown's statements indicates or even remotely suggests that D.A. Nolt was responsible for any failure of Umoja or RCC to accurately take field measurements.

As to paragraph 97, it is totally inappropriate for D.A. Nolt, Inc. to be substituted for Umoja in connection with the Umoja-RCC Subcontract. While there may have been no retainage in connection with the Umoja-RCC Subcontract, this is not the case in connection with the Nolt-Umoja Subcontract which expressly included retainage of 5% in Section 4.1.1 ("Provided [Umoja's] rate of progress and general performance are satisfactory to [D.A. Nolt] and provided that [Umoja] is in full compliance with each and every provision of the Subcontract Documents, [D.A. Nolt] will make partial payments to [Umoja] on the subcontractor pay estimate form in an amount equal to 95% (5% retainage) of the estimated value of work and materials incorporated into the Project (and of materials delivered to the Project site and suitably

stored by the Subcontractor) and paid to [D.A. Nolt] by [City/PMA], less the aggregate of previous payments, within fourteen (14) days of receipt thereof from [City/PMA]." RCC cannot rewrite the Nolt-Umoja Subcontract, to which RCC is not a party.

In paragraph 113, D.A. Nolt's representation as to what evidence was admitted at trial is accurate. See Exhibits 114, 115, and 120 (D.A. Nolt letters to Umoja dated February 10, 2017, February 13, 2017, and March 31, 2017), all of which were introduced into evidence without objection.

Finally, D.A. Nolt's paragraph 137 stated a conclusion of law. Thus, it is not necessary to have a citation to the record, although paragraphs 64-83 amply cover the facts relating to issues caused by both RCC and Umoja. However, if D.A. Nolt is found to have caused delay in its case with the City/PMA, then there is a direct relationship to delays caused by RCC and Umoja, since the key issue in that case related to the fabrication and erection of steel. Independent of this City/PMA case, D.A. Nolt still has a right to assess back charges to Umoja due to issues and problems with the steel for which RCC may have been culpable. This is between Umoja and RCC.

Respectfully submitted,
**DEAN E. WEISGOLD, P.C.**

Dated: July 15, 2021

_/s/ Dean W._
Dean E. Weisgold, Esquire
1835 Market Street, Suite 1215
Philadelphia, Pennsylvania 19103
Phone: (215) 979-7602
Fax:    (215) 599-0322
Email: dean@weisgoldlaw.com

3

**CERTIFICATE OF SERVICE**

I, Dean E. Weisgold hereby certify that a true and correct copy of the foregoing Supplemental Response to the Proposed Findings of Fact and Conclusions of Law was served upon the following on July 15, 2021 /by ECF:

> Patrick J. Hughes, Esquire
> Connell Foley LLP
> 457 Haddonfield Road
> Suite 230
> Cherry Hill, NJ 08002
>
> Tsiwen M. Law, Esquire
> Law & Associates, LLC
> 1617 John F. Kennedy Blvd
> Suite 1055
> Philadelphia, PA  19103

> DEAN E. WEISGOLD, P.C.
>
> _____
> Dean E. Weisgold, Esquire
> 1835 Market Street, Suite 1215
> Philadelphia, Pennsylvania 19103
> Phone: (215) 979-7602
> Fax:    (215) 599-0322
> dean@weisgoldlaw.com