

Connell Foley LLP
Liberty View Building
457 Haddonfield Road
Suite 230
Cherry Hill, NJ 08002
P 856.317.7100

Patrick J. Hughes
Partner
Direct Dial 856.317.7103
PHughes@connellfoley.com

July 15, 2021

**VIA ECF**

Honorable Timothy R. Rice, U.S.M.J.
U.S.D.C. – Eastern District of Pennsylvania
3029 U.S. Courthouse
601 Market Street – Courtroom 3-G
Philadelphia, PA 19106

    Re:    **RCC Fabricators, Inc. vs. UMOJA Erectors, LLC, et al.**
              **Case No: 2:17-cv-05304-TR**

Dear Judge Rice:

Pursuant to the Court's July 2, 2021 Order, RCC Fabricators, Inc. ("RCC") submits this sur-reply to the proposed Findings of Fact and Conclusions of Law of the Defendant, North American Specialty Insurance Company ("NASIC"). Again, RCC stands by the proposed Findings of Fact and Conclusions of Law previously submitted (Doc. No. 88) on June 18, 2021, as well as its response submitted (Doc. No. 93) on July 2, 2021.

NASIC (Doc. No. 92)

While the paragraphs in NASIC's response are not numbered, RCC will respond to each in order.

Paragraph 1 – While NASIC wants to keep Umoja between RCC and D.A. Nolt, the surety's principal, for some purposes, it apparently claims its principal may be able to bring a direct action against RCC, apparently to "back charge" RCC for money never paid to RCC. While RCC could not bring a claim in this action against D.A. Nolt, the surety's principal, (and one of the many reasons for the Bond being required), Umoja had the opportunity, if it desired. Second, if, as the surety continues to claim, it stands in the shoes of D.A. Nolt, then it may have made a choice

July 15, 2021
Page 2



not assert a counterclaim. Nevertheless, no counterclaim was made in this action, and no evidence of an action against RCC has been introduced in this action.

Paragraph 2 – RCC relies on the comments to paragraph 1. In addition, Umoja attempted to join D.A. Nolt long after discovery was complete (Doc. No. 31), and failed to comply with procedural issues and contractual conditions, set forth in the oppositions (Doc. Nos. 33 and 34). The motion was denied (Doc. No. 41).

Paragraph 3 – The issue is whether the surety, pursuant to the Bond (Exhibit 2), is obligated for the payment to RCC, when the undisputed evidence showed that all of the fabricated steel and hardware delivered by RCC was used in the Project. Further, the surety admits that D.A. Nolt has funds in escrow sufficient to make payment to RCC, but RCC has not received any payment.

Paragraph 4 – RCC relies on the comments to paragraph 97 in Doc. No. 93. Further, NASIC makes a compelling argument for the reason retainage should not be applicable to RCC in its paragraph 15, as set forth in the comments below.

Paragraph 5 – All claims of payment by RCC are labeled by the surety as misleading. However, the statement is accurate, as set forth on Exhibit 30.

Paragraph 6 – The statement that "D.A. Nolt has no idea what RCC allegedly did above the base contract and why RCC did it," is contradicted by the evidence. The testimony of Mr. O'Brien and Mr. Knauff, as well as exhibits too numerous to list, demonstrate otherwise.

Paragraph 7 – Paragraph 98 of Exhibit 165 states: "Although RCC and Umoja encountered hurdles during fabrication and install, they met their obligations." That statement is the asserted position of D.A. Nolt, the surety's principal, in whose shoes the surety continually maintains it stands. The statement is not "out of context." Further, there is no evidence, and the surety does not cite to any evidence, in its speculation regarding the "perspective of the City/PMA." The surety continues to argue about the position of D.A. Nolt because it is evidence that the surety should pay RCC pursuant to the Bond (Exhibit 2).

Paragraph 8 – In paragraphs 47 and others, RCC sets forth the position of D.A. Nolt, the surety's principal, that "Nolt was substantially complete with the work by December 16, 2016," and sets forth the citations to both testimony and Exhibit 165 at ¶99. Once again, while the surety wants to stand in the shoes of its principal for potential defenses, it attempts to disavow a stated position of its principal.

Paragraph 9 – No citations for the statements made are included, because no evidence was introduced at trial to support them.



July 15, 2021
Page 3

      Paragraph 10 – The point, as set forth in paragraph 56 of Doc. No. 88, is no evidence was presented at the trial that the time frame for modifying the WTs caused any specific delay, costs or damages

      Paragraph 11 – Argument is made, but no citations to the record are provided, because there was no such evidence submitted.  RCC relies on the citations to the record set forth in paragraph 57 of Doc. No. 88.

      Paragraph 12 – While some of the evidence may be in conflict, RCC maintains that Exhibit 6, the bills of lading, and the testimony of RCC's witnesses firmly support RCC's position.

      Paragraph 13 – RCC apologizes to the Court and counsel, as the reference to Exhibit "64" in paragraph 92 of Doc. No. 88 should have stated Exhibits 164, at p.4, and 32.

      Paragraph 14 – Clearly the parties differ in the use of the word "claim."  RCC means a legal action, especially since RCC brought this action, and apparently NASIC uses the word to mean email and letters.  Further, the reference to "back charges" is another reference to payment that was never made to RCC.

      Paragraph 15 – The surety makes an excellent argument for the reason RCC should not be subject to retainage, since NASIC argues that RCC's contract (stating that no retainage is to be withheld) (Exhibit 4) was entered "well in advance" of Umoja's contract with D.A. Nolt (Exhibit 4).  RCC also relies on the comment to paragraph 97 in Doc. No. 93.

      Paragraph 16 – Despite the argument otherwise, the undisputed evidence shows that all of the fabricated steel and hardware delivered by RCC was used in the Project.

      Paragraph 17 – RCC relies on its comment to paragraph 83 in Doc. No. 93.

Respectfully submitted,

**CONNELL FOLEY LLP**

/s/ *Patrick J. Hughes*
Patrick J. Hughes

PJH/ps
cc:    Tsiwen Law, Esq. (e-mail: tmlaw50@verizon.net)
        Dean E. Weisgold, Esq. (e-mail: dean@weisgoldlaw.com)

6019070-1



# CERTIFICATE OF SERVICE

I, Patrick J. Hughes, hereby certify that on July 15, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's Electronic Case Filing ("ECF") system. I further certify that, on this date, the foregoing was served upon all parties via transmission of a Notice of Electronic Filing generated by ECF. I further certify that all parties to this action are represented by counsel of record who are registered users of ECF that have consented to receive electronic service.

DATE: July 15, 2021

By: *s/ Patrick J. Hughes*
Patrick J. Hughes
**CONNELL FOLEY LLP**
Liberty View Building, Suite 230
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 317-7100
phughes@connellfoley.com
*Counsel for Plaintiff RCC Fabricators, Inc.*

6019070-1